IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES HAMILTON,

    Plaintiff,

vs.

GATEWAY FOUNDATION, INC., et. al,

    Defendants.

Case No. 15-cv-1392-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies (Doc. 4). Plaintiff filed a Response in which he agrees with Defendant's assertion that the case should be dismissed without prejudice as his administrative claims remain pending (Doc. 13). To the extent Defendant's motion requests summary judgment but seeks dismissal without prejudice, the motion is **DENIED in part** and **GRANTED in part.**

Defendant Dr. Hetal Amin was employed by the Southern Illinois Healthcare Foundation, Inc. at the time of the alleged incident (Doc. 4). The Southern Illinois Healthcare Foundation, Inc. has been deemed an employee of the Public Health Service in accordance with the Federally Supported Health Centers Assistance Act (42 U.S.C. §233 (g)-(n)) (Doc. 1, Ex. A, A-1). An employee covered by the Federally Supported Health Centers Assistance Act is eligible for Federal Tort Claims coverage under the Federal Tort Claims Act (28 U.S.C. §2671 *et seq.*) ("FTCA"); (42 U.S.C. §233). When a federal employee is sued in such a capacity, the Federally Supported Health Centers Act (42 U.S.C. §233(b)) empowers the Attorney General of the United States, or a United States Attorney in lieu of the Attorney General, to issue a certificate that the employee was acting within the scope of his employment at the time of the alleged incident. The

United States is then substituted as defendant, and the case proceeds under the FTCA (42 U.S.C. §233(a), (c)).

In this case, Dr. Amin was named as a defendant in a civil action that commenced in the St. Clair County Circuit Court of Illinois. (Doc. 1, Ex. B). When the United States removed the case from St. Clair County, the Acting United States Attorney filed a certificate which provided that at the time of the alleged incident, Dr. Amin was acting within the scope of his employment. (Doc. 1, Ex. C). The United States moved to substitute itself for Dr. Amin, which this Court granted (Doc. 15). Therefore, this case is now governed by the FTCA.

The FTCA requires a plaintiff to exhaust his administrative remedies before filing suit in federal court. (28 U.S.C. §2675(a)). Plaintiff commenced the state court suit on July 15, 2015, but did not file an administrative claim until November 10, 2015. The administrative claim is still pending (Doc. 1, Ex. A). Accordingly, this case must be dismissed while Plaintiff pursues administrative remedies. See *McNeil v. United States*, 508 U.S. 106, 113 ("[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"). However, because the Court did not reach the merits of this case (see Fed. R. Civ. P. 56), the instant motion is **DENIED** to the extent it seeks summary judgment; the **dismissal is without prejudice.**[1]

For the foregoing reasons, this case is **DISMISSED** without prejudice. The Motion to Stay (Doc. 14) is **DENIED as moot**.

---

[1] To the extent that Defendant seeks Summary Judgment dismissal without prejudice, the Motion is denied. To grant summary judgment is to rule on the merits of the case, which requires dismissal with prejudice. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1016 (7th Cir. 2002).

**IT IS SO ORDERED.**

**DATE: January 27, 2016**　　　　　　　　　　　　　　　　　　**s/ Staci M. Yandle**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**STACI M. YANDLE**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**DISTRICT JUDGE**